**In the Matter of GT AUTOMATION, INC., Debtor.**

**No. 01–13955.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Jan. 20, 2005.

matic stay. *See e.g., Fisher v. Apostolou,* 155 F.3d 876 (7th Cir.1998); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096 (2nd Cir.1988).

Howard Sandler, Fort Wayne, IN, for Arlington Capital, LLC, Bill Badie, and Michael W. Peters.

J. Joseph Bainton, New York, NY, for Trustees.

### DECISION AND ORDER ON TRUSTEE'S MOTION TO STRIKE

ROBERT E. GRANT, Bankruptcy Judge.

There is something about being a member of the legal profession that often seems to make one susceptible to a strange malady, which manifests itself in a tenacious insistence on always having the last word. The condition also seems to be highly contagious. Unfortunately, it has infected the lawyers in this case.

On December 13, the trustee filed motions seeking the court's permission to examine Michael Peters, Bill Badie and Arlington Capital, LLC pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. The proposed examinees filed objections and, by a notice issued on December 30, 2004, the issues raised by the motions and the objections were scheduled for a hearing on January 24, 2005. On January 3, the trustee filed a response to the objections which, counting the attached exhibits, is, in essence, a ten page brief. No doubt the response was prompted by the objections themselves, which, rather than being the short, plain statements contemplated by the local rules of this court, see, N.D.Ind.L.B.R. B–9014–1, were really three rather lengthy briefs on the issue. Of course, the objectors could not let the trustee's filing go unanswered and so, on January 12, they filed a fourteen page reply to the trustee's response. This was the equivalent of throwing red meat to hungry lions and compelled the trustee's counsel to file an emergency motion to strike the reply, together with a brief in support thereof. Since all counsel now seem to be firmly in the grip of this unfor-

tunate condition, the court has no doubt that it will soon see some type of response to the most recent motion.[1] It is the court's hope that this decision will serve as a tonic which will cure counsel of the malady which afflicts them both.

 The trustee's motion to strike argues that the surreply filed by the objectors was not authorized by the local rule which governs this court's motion practice and contemplates only an initial brief, a response, and a reply. *See*, N.D.Ind. L.B.R. B–7007–1(a). While counsel correctly understands the briefs contemplated by the local rule, what counsel has overlooked is that local rule B–7007–1 does not apply to the present situation. It applies only to "motion[s] filed *within* a contested matter or an adversary proceeding . . . ." *Id.* (emphasis added). It does not apply to the various motions that *initiate* contested matters in bankruptcy practice or to objections to those motions. *See*, Fed. R. Bankr.P. Rules 9013, 9014; N.D.Ind. L.B.R. B–9014–1. Those papers serve the same function that pleadings do in traditional litigation. Just as one would not expect a plaintiff to file a brief simultaneously with its complaint, or a defendant to simultaneously file both an answer and an accompanying supporting brief, the local rules of this court do not contemplate that motions initiating contested matters or objections to such motions will be accompanied by supporting briefs.[2] If the court feels that briefing would be appropriate and the local rules do not call for the submission of briefs, it will invite them and establish a schedule by which they should be filed.

All counsel involved in the present dispute have ignored the distinction between motions filed within a contested matter—such as a motion for summary judgment as to issues raised by a motion to dismiss a bankruptcy case, or in connection with a motion to avoid judicial liens, or a motion filed as a result of a discovery dispute—which, pursuant to local rule B–7007–1, require a separate supporting brief and motions initiating contested matters which do not. As a result, none of the briefs filed in connection with the requested 2004 examinations—whether the examinees' verbose and argumentative objections, the trustee's response to those objections or the examinees' reply thereto—were necessary. They were all completely gratuitous. Had the court wanted the parties to brief the issues raised by the motions and objections prior to the hearing, it would have asked them to do so. It did not.

 In one sense, the trustee's motion to strike is well taken because it asks the court to strike a gratuitous brief that was filed in reply to an equally gratuitous response. In a larger sense, however, the court should confront the issue of how it should deal with gratuitous filings—be they briefs or responses to objections to motions or whatever—that are not contemplated by the applicable rules of procedure and have not been invited by the court, yet which litigants so often feel compelled to submit. Is the court obligated to spend its time reading these unwanted and unnecessary submissions or to spend time issuing orders striking them? Should the opposition, out of fear that the court may be influenced by the gratuitous filing, respond with its own gratuitous submission or

---

1. Since it prepared the initial draft of this decision, the court's fears have come true and it now has a nine page objection to the motion to strike.

2. Similarly, just as one does not reply to an answer that does not contain a counterclaim, Fed.R.Civ.P. Rule 8, there is no need to file a response to an objection to a motion initiating a contested matter.

through a motion asking the court to strike the unauthorized filing from its docket? That would only magnify the problem and give the court more of what it never wanted in the first place. This case provides a perfect illustration. At the present time, all the court wants for the upcoming hearing is a motion, stating the relief requested and the grounds therefore with the requisite particularity, and an objection, laid out in a short, plain statement, that fairly meets the substance of the allegations contained in the motion. *See,* Fed. R. Bankr.P. Rule 9013; N.D. Ind. L.B.R. B–9014–1. Instead, it has over 70 pages of responses, replies, emergency motions and briefs, none of which were needed.

The court has no desire to magnify litigation or to waste either its time or the time of the attorneys who appear before it. Yet, giving any attention whatsoever to gratuitous filings can have no other result. If the court reads and considers such things, it will only encourage similar filings in the future. But, how is the opposition to know whether it can safely do nothing, whether it should take the time and trouble needed to respond or to ask the court to strike the unnecessary filing? Anything which dignifies the unnecessary filing with some kind of attention is either a waste of resources or an inducement to further unwanted submissions. The only response which will avoid wasting the time of the court or the litigants, and which will assure the non-filer that the proceedings will not be affected by a gratuitous submission, is to ignore that submission altogether. If lawyers want to spend their time filing unnecessary briefs or responses to objections, they are, of course, free to do so.[3] The court does not, however, have to waste its time reading them. They will be ignored. *Accord, GE Healthcare Financial Services v. EBW Laser, Inc.,* 225 F.R.D.

176, n. 2, 181 (M.D.N.C.2004); *Epling v. UCB Films, Inc.,* 2001 WL 584355 *1 (D.Kan.2001). *See also, Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 390 n. 2 (D.P.R.1981)(untimely submissions may be disregarded). If the court wants a submission which is not contemplated by the applicable rules of procedure—be it a brief or something else—it will ask.

The trustee's motion to strike, filed on January 18, 2005, is therefore DENIED. Furthermore, consistent with this decision, the court will ignore the trustee's response to the examinees' objections filed on January 3, 2005, and the examinees' reply thereto filed on January 12, 2005. If, following the upcoming hearing, the court feels that additional briefs or other submissions—beyond the original motions and objections—are appropriate or if the parties would like to submit additional written arguments, a briefing schedule will be established at the hearing.

SO ORDERED.

---

**3.** In this era of electronic filing, it is not possible for the court to refuse to accept a submission before it has been entered on the docket.